IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| B&D DENTAL CORPORATION, a Utah corporation,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>KOD CO., LTD., a Korean business entity,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br><br><br>Case No. 2:13-CV-236 TS |

This matter is before the Court on Defendant KOD Co., Ltd.'s ("KOD") Motion to Dismiss for Improper Service, or to Quash Service and Plaintiff B&D Dental Corporation's ("B&D") Motion for Limited Discovery and Motion for Leave to File Second Amended Complaint.[1] For the reasons discussed more fully below, the Court will deny without prejudice KOD's Motion to Dismiss or Quash and grant B&D's Motion for Limited Discovery and Motion to Amend.

_____

[1]Docket Nos. 7, 14, 15.

1

I.  BACKGROUND

B&D is a dental lab providing services to customers interested in dental prosthetics.
KOD is an entity that markets a single-step method for installing dental crowns.  B&D is a Utah
corporation with its principal place of business in Utah and KOD is a Korean corporation with its
principal place of business in Seoul, Korea.

Dr. Bongkook Noh is a practicing dentist, licensed to practice in the State of Utah.  In
January 2012, Dr. Noh approached B&D at its Utah facility to market and promote KOD's
single-step method for installing dental crowns.  Dr. Noh represented to B&D that Dr. OhDal
Kwon had developed the single-step method, known as the Kwon Prepguide.  Dr. Noh indicated
that KOD was seeking a business partner to help market the Kwon Prepguide.

At Dr. Noh's urging, B&D called Dr. Kwon and Dr. Kwon further explained the
Prepguide and represented to B&D that he had successfully completed clinical trials of the one-
step method.  Dr. Noh then informed B&D that as a showing of good faith of its intent to work
with KOD, B&D should pay KOD $100,000.  In late January 2012, B&D paid KOD the
requested amount.

B&D continued to meet with Drs. Noh and Kwon and other representatives of KOD.  The
parties' interactions included meetings in Utah, a training and seminar at a trade show in
Chicago, and multiple meetings at KOD's headquarters in Korea.  B&D also continued to make
payments to KOD.  In all, B&D's payments totaled more than $1 million.

In the latter months of 2012, the parties' relationship began to deteriorate.  The
relationship soured to the point that in March of 2013 they spoke of legal action.  B&D

2

subsequently brought this action on April 1, 2013, seeking declaratory judgment and related relief.  On April 8, 2013, B&D served Dr. Noh with a copy of the Summons and Complaint.

As an exhibit to its Motion, KOD provided a declaration from Dr. Noh indicating that Dr. Noh has never been employed by KOD and has never been an officer, managing agent, or general agent of KOD.  Dr. Noh also attests that he has never been authorized to accept service of process on behalf of KOD.  According to Dr. Noh, his relationship with KOD was very informal, limited to introducing companies to KOD to see if those companies would be interested in partnering with KOD to commercialize or license its dental technology.  Dr. Noh asserts that he is no longer introducing potential investors to KOD and discontinued his relationship with KOD in March 2012.

In response, B&D submitted two declarations seeking to affirmatively establish that Dr. Noh is indeed KOD's agent, or, at the very least, Dr. Noh's Utah dental office serves as KOD's local office.  First, Dr. Yunoh Jung attests as to Dr. Noh's involvement in the deal entered into between B&D and KOD and as to his understanding of Dr. Noh's continued involvement in seeking other investors in the Kwon Prepguide.  Second, Attorney Eric E. Westerberg attests to the contents of a web page titled www.noprepbridge.com.  According to Westerberg, the website contains a photo of Dr. Kwon on the landing page with the title "Dr. Kwon, DDS, PHD, Inventor, Patent Holder."[2]  The website also includes a picture and biography of Dr. Noh and lists

---

[2]Docket No. 13, at 2.

Dr. Noh as a seminar speaker and author of blog posts and articles published on the website.  Dr. Noh's dental office is listed as the point of contact on the website.

## II.  DISCUSSION

A.    JURISDICTION

KOD argues that this Court lacks jurisdiction to hear B&D's claims against it because B&D did not comply with the requirements of Federal Rule of Civil Procedure 4 in effecting service of process.  Based on this failure, KOD asserts that the Court should either dismiss this case or, at a minimum, quash KOD's ineffective service.  B&D contends that its service on Dr. Noh complied with the requirements of Rule 4.  In the event the Court finds B&D's service deficient, B&D moves the Court to allow limited discovery as to Dr. Noh's status and ability to receive service on behalf of KOD.

"Effectuation of service is a precondition to suit."[3]  "[P]laintiff has the burden of establishing the validity of service."[4]

> "When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing."  The "well pled facts" of the complaint must be accepted as true if uncontroverted by the defendant's affidavits, and factual disputes at this initial stage must be resolved in the plaintiff's favor when the parties present conflicting affidavits.[5]

---

[3]*Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).

[4]*FDIC v. Oaklawn Apts*., 959 F.2d 170, 174 (10th Cir. 1992).

[5]*Id*. (quoting *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985); *Ten Mile Indus. Park v. W. Plains Serv*. *Corp*., 810 F.2d 1518, 1524 (10th Cir. 1987)).

Rule 4 provides the method by which a party may effect service.  "Actual notice is not a substitute for proper Rule 4 notice."[6]  Rule 4(h) provides in relevant part that a corporation, partnership, or association must be served in a judicial district of the United States by either "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made,"[7] or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[8]

The service of process in question was attempted in the same forum where this court is located, namely, Utah.  Utah's procedure for service of process largely follows the Federal Rules.  Under Utah Rule of Civil Procedure 4(d)(1)(E), a corporation, partnership, or association is "subject to suit under a common name, by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or other agent authorized by appointment or by law to receive service of process."  However, Utah Rule 4 contains an additional method for service on a corporation not addressed in the Federal Rules.  Utah Rule 4(d)(1)(E) states that where "no such officer or agent can be found within the state, and the defendant has, or advertises or holds

---

[6]*Pedersen v. Mountain View Hosp.*, 2011 WL 7277319, at *2 (D. Utah Aug. 31, 2011) (citing *Wadford v. Walters*, 69 F.3d 549, 1995 WL 662080, at *1 (10th Cir. 1995) (unpublished table decision)).

[7]Fed. R. Civ. P. 4(e)(1).

[8]*Id*. 4(h)(1)(B).

itself out as having, an officer or place of business within the state or elsewhere" service may be made "upon the person in charge of such office or place of business."

In its Amended Complaint, B&D alleges that Dr. Noh acted as KOD's agent.  However, KOD provided an affidavit from Dr. Noh in which Dr. Noh denies acting as KOD's agent or otherwise being authorized to receive service of process on behalf of KOD.  B&D in turn has submitted affidavits that raise serious questions as to Dr. Noh's level of involvement with KOD. Thus, as the record currently stands, the Court is unable to adequately evaluate Dr. Noh's authority within KOD and is therefore without sufficient evidence to determine whether Dr. Noh is a managing or general agent authorized to receive service of process.[9]

Similarly, B&D's affidavits seek to establish that Dr. Noh's dental office is a place of business from which KOD operates.  Yet, it is unclear whether the website referenced in Westerberg's affidavit is affiliated with KOD.  Given the current uncertainty regarding Dr. Noh's role or level of involvement with KOD, the Court is unable to determine whether service on Dr. Noh at his dental office meets the requirements of Utah Rule 4(d)(1)(E).

Based on the foregoing, the Court finds that it is unable to determine whether B&D has met its burden to demonstrate validity of service.

This Court has discretion to order jurisdictional discovery where jurisdictional facts are in dispute or more factual basis is needed.[10]  The Tenth Circuit has instructed that "[w]hen a

---

[9]*See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513 (3d Cir. 1971).

[10]*nMotion, Inc. v. Envtl. Tectonics Corp.*, 196 F. Supp. 2d 1051, 1055 (D. Or. 2001).

defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[11]  Here, jurisdictional discovery will aid in determining Dr. Noh's role and level of involvement in KOD.  Therefore, the Court will grant B&D's Motion and allow limited jurisdictional discovery.

B.      MOTION TO AMEND

        B&D moves for leave to file its Second Amended Complaint.  B&D has provided a copy of its proposed Second Amended Complaint for the Court's review.  The principal amendment to B&D's complaint is the addition of Dr. Noh as a defendant.  KOD has not opposed B&D's Motion and the time for filing any such opposition has passed.  In light of KOD's non-opposition, the Court will grant B&D leave to file its Second Amended Complaint.

                                III.  CONCLUSION

        Based on the foregoing, it is hereby

        ORDERED that KOD's Motion to Dismiss for Improper Service, or to Quash Service (Docket No. 7) is DENIED WITHOUT PREJUDICE.  It is further

        ORDERED that B&D's Motion for Limited Discovery and Motion for Leave to File Second Amended Complaint (Docket Nos. 14 and 15) are GRANTED.  The parties shall have thirty (30) days from the date of this Order within which to perform limited discovery regarding Dr. Noh's status and involvement in KOD.  B&D shall have sixty (60) days from the date of this

---

[11]*Budde v. Ling–Temco–Vought, Inc*., 511 F.2d 1033, 1035 (10th Cir. 1975).

7

Order to file and serve its Second Amended Complaint.  The hearing in this matter, currently scheduled for October 29, 2013, is STRICKEN.

      DATED   October 22, 2013.

                      BY THE COURT:

                      _____
                      TED STEWART
                      United States District Judge