IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| B&D DENTAL,<br><br>      Plaintiff,<br><br>v.<br><br>KOD CO,<br><br>      Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:13-cv-00236-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket No. 54.) This case is before the Court on B&D Dental Corporation's ("B&D") motion to compel production of documents from Defendant KOD Co., Ltd. ("KOD").

## I. Dispute

B&D argues that KOD's objections to B&D's document requests are not valid because KOD did not articulate a sufficiently specific basis for those objections. (Dkt. 71 at 8–10.) B&D also argues that KOD failed to produce any responsive documents to certain requests and that KOD's production responsive to most of the remaining requests has been incomplete. (*Id.* at 10–11.) Finally, B&D takes particular issue with KOD's inability to produce an executed copy of a Confidential Disclosure Agreement that KOD claims exists between it and B&D. (*Id.* at 11.) B&D seeks its costs for bringing the motion to compel. (*Id.* at 11–12.)

KOD, on the other hand, argues that the motion to compel was filed without a proper attempt to meet and confer and in direct contradiction to B&D's counsel's email indicating that KOD could produce documents on a rolling basis. (Dkt. 74 at 2–6.). Further, KOD asserts that the motion was brought for purposes other than the present litigation. (*Id.* at 8–9.)

**II.     Analysis**

It is within the Court's discretion to deny a motion to compel for failure to comply with the meet-and-confer requirements set forth in Rule 37 and corresponding local rules. *See Schulte v. Potter*, 218 F. App'x 703, 709 (10th Cir. 2007). Rule 37 requires certification that the moving party has "in good faith conferred" with the opposing party in an effort to obtain discovery without court intervention. Fed. R. Civ. P. 37(a)(1). Likewise, the District of Utah's local rule requires counsel to demonstrate "a reasonable effort to reach agreement with opposing counsel on the matters set forth in the motion." *Id.* "When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

Here, B&D has not sufficiently complied with the meet-and-confer requirements the local and federal rules. B&D states that the parties met to discuss KOD's discovery responses and B&D demanded compliance at various times, but this is insufficient. The last of counsels' discussions occurred on November 18, 2014. (Dkt. 71 at2.). Counsel reached an agreement that allowed KOD to provide discovery on a rolling basis. (Dkt. 71, Ex. L.) KOD sent its first partial production on December 1 and invited B&D's counsel to contact KOD's counsel with any questions. (Dkt. 71, Ex. M.) B&D responded to the production by email, indicating B&D's counsel would "let [KOD's counsel] know if we have any questions." (Dkt. 74, Ex. 2.) B&D's counsel expressed no dissatisfaction with KOD's attempts to provide rolling discovery prior to filing the present motion to compel on December 31, 2014.

B&D did not meet their obligation to meet and confer as required by the local and federal rules because their last communication with KOD's counsel was to express agreement to the

rolling production. Rules 37 and 37-1 set forth more than a requirement to hold a perfunctory meeting prior to filing a discovery motion. The rules require ongoing good faith and reasonable efforts to reach a resolution prior to filing a motion. Having a meeting, or multiple meetings, is only part of the process. Earnestly seeking a resolution is another.

The Court does not endeavor to be unduly formalistic in its enforcement of Rules 37 and 37-1, but the violation here caused problems attendant to parties not complying with their meet-and-confer obligations. The parties' briefing indicates the nature and extent of this dispute has not been well defined. Plaintiff seeks discovery responses, and attacks what it describes as boilerplate objections made by KOD. (Dkt. 71.) KOD does not appear to stand on the objections in question. Instead, KOD discusses difficulties in having records translated from Korean, difficulties shared by B&D. (Dkt. 74 at 7; Dkt. 72 at 2.) Additionally, KOD has provided a number of documents after B&D filed its motion. (Dkt. 75 at 5–6.) In some circumstances KOD's production after a motion to compel would be looked at unfavorably, but here, it does not appear inconsistent with the rolling production to which B&D agreed.

### III. Ruling

Based on the foregoing, the Court **DENIES** Plaintiff's motion to compel without prejudice. The Court further finds that an award of costs is not justified. The parties are admonished to work together to find reasonable solutions. The Court will not set an artificial requirement regarding future conferences, but the parties should bear in mind the admonition of the District of Kansas on this subject:

> The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party

> is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

Should these production issues remain unresolved after further discussion, the Court will entertain another motion. However, given the time and energy expended by both parties regarding the present discovery dispute, the Court will be more inclined to award costs and attorney fees in future motions. Both parties are encouraged to work together to make the discovery process as efficient and meaningful as possible.

IT IS SO ORDERED.

Dated this 3rd day of February, 2015.　　　　By the Court:

_____
Dustin B. Pead
United States Magistrate Judge